UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA BRIDGE, *et al.*, | ) | Case No.: 1:09 CV 2947 |
| Plaintiffs | ) ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| AAMES CAPITAL CORPORATION, *et al.*, | ) ) ) | |
| Defendants | ) | <u>ORDER</u> |

Pending before this court is Defendant Deutsche National Trust Company's f/k/a Bankers Trust Company of California, N.A., as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass Through Certificates, Series 2002-1 ("Deutsche Bank" or "Defendant") Motion to Dismiss (ECF No. 5) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the following reasons, the court grants Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted..

**I. FACTS AND PROCEDURAL HISTORY**

On November 6, 2009, Plaintiff Lisa Bridge ("Plaintiff" or "Ms. Bridge") and her husband William W. Bridge, filed suit in the Geauga County Court of Common Pleas against Aames Capital Corporation ("Aames") and Deutsche Bank as Trustee. (Compl., ECF No. 1-1.) The Complaint asserts two causes of action: (1) a cause of action for declaratory judgment, pursuant to Ohio Rev.

Code § 2721.03, that the assignment of the Mortgage Note from Aames Capital Corporation to Deutsche Bank was "insufficient as a matter of Ohio law to create a valid debt and security interest in the Property" (Compl., ¶¶ 12-27 ); and (2) a cause of action to quiet title in the name of Plaintiff, and to declare the Mortgage and the assignment of the Mortgage to be void and unenforceable. (Compl., ¶¶ 29-35.)

The events leading up to this case began on or about December 7, 2001, when Ms. Bridge entered into a loan agreement with Aames for the refinancing of her property. (Compl., ¶ 5.) Ms. Bridge signed a promissory note in the amount of $476,000. (Promissory Note, ECF No. 1-1, Ex. A, at p. 1.) Pursuant to the refinancing, Aames acquired a security interest ("Mortgage") in the property. On or about April 15, 2002, Plaintiff was notified that Aames had sold or assigned the Mortgage to Deutsche Bank. (Compl., ¶ 9.) Aames and Deutsche Bank further indicated that the transfer would come into effect on May 1, 2002. (*Id.*) The assignment was signed and notarized on December 13, 2001. (Corporation Assignment of Mortgage, ECF No. 1-1.) According to the assignment, the assignee was "Bankers Trust Company of California, N.A., in trust for the benefit of the holders of Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1." (*Id.*) The assignment, styled, "Corporation Assignment of Mortgage" was filed on record in the Geauga County Recorder's Office on July 14, 2003. (*Id.*)

Plaintiff filed suit on November 6, 2009, challenging the validity of the assignment and Deutsche Bank's ownership of the Mortgage. (Compl.) On December 18, 2009, Deutsche Bank removed this case to federal court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.) Plaintiff is a resident of Ohio, while both Deutsche Bank and Aames, which is currently in bankruptcy, are residents of California. (*Id.*) The amount in controversy is more than $75,000. (*Id.*)

Deutsche Bank has moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) and in the alternative, Rule 12(b)(6). (ECF No. 5.)

On March 23, 2010, this court referred the case to Magistrate Judge Vecchiarelli for preparation of a report and recommendation. The Magistrate Judge submitted her Report and Recommendation on May 12, 2010, recommending that the case be remanded to state court as improvidently removed on the ground that Plaintiffs lacked standing to bring the action and that this court lacked subject matter jurisdiction over the action. On May 26, 2010, Defendant filed an objection to the Report and Recommendation. (ECF No. 22.) For the reasons stated below, this court finds, after *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, that the Magistrate Judge's conclusions are not fully supported by controlling case law. Accordingly, the court declines to adopt the Magistrate Judge's Report and Recommendation. Instead, the court finds that the Motion to Dismiss should be granted because Plaintiffs have failed in this diversity of citizenship action to state a claim under Ohio law on which relief can be granted. This ruling is predicated both on Ohio law and the analogous law of other jurisdictions.

## II. LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

Deutsche Bank asserts that Plaintiff lacks standing to challenge the assignment of the mortgage from Aames to Deutsche Bank, and that consequently, this case should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Deutsche Bank's Motion to Dismiss, which challenges the sufficiency of Plaintiff's pleadings, takes the form of a facial attack. (Mot. to Dismiss, at pp. 4-5.) Accordingly, all of Plaintiff's material allegations are taken as true and

construed in her favor.

Standing requirements emanate from Article III of the Constitution, which limits the judicial power of courts to actual cases and controversies. *See* U.S. Const. art III, § 2; *See also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-476 (1982). As the Sixth Circuit stated in *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999),

> [t]o satisfy Article III's standing requirement, a plaintiff must have [1] suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; [2] the injury must be 'fairly traceable' to the challenged action; and [3] there must be a substantial likelihood that the relief requested will redress or prevent plaintiff's injury.

(quoting *Valley Forge*, 454 U.S. at 472.) These requirements provide what is commonly referred to as the "irreducible constitutional minimum" for standing. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Case law has also developed a number of judicially self-imposed prudential limitations, such as the "general prohibition on a litigant's raising another person's legal rights." *Allen v. Wright*, 468 U.S. 737, 750 (1984). Where a plaintiff cannot show the requirements for standing, the court should dismiss the case under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). This court finds that neither Article III standing requirements nor the prudential limitations are called into question in this case. The standing referred to in this diversity action relates to whether Plaintiff has been granted authority under state law to raise the challenge she seeks to assert in this case. The Defendant's Motion is more properly construed as a motion to dismiss for failure to state a claim.

### B. Failure to State a Claim

The court examines the legal sufficiency of the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court

4

in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and recently in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) clarified the law regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) motion.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Even though a Complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 129 S.Ct. at 1949, further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The Sixth Circuit has held that a court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting

a Motion to Dismiss to a Motion for Summary Judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

Courts have routinely found that a debtor may not challenge an assignment between an assignor and assignee. *See, e.g., Livonia Property Holdings v. Farmington Road Holdings*, No. 10-1159, slip op., 2010 WL 1956867 1, 7 (E.D. Mich. May 13, 2010) (holding that the plaintiff borrower did not have standing to dispute the validity of an assignment between assignor and assignee because plaintiff was "a non-party to those documents."); *Ifert v. Miller*, 138 B.R. 159 (Bankr. E.D. Pa. 1992). In *Ifert*, the court explained that a debtor lacks standing to challenge an assignment under Texas law because:

> [The underlying contract] is between [Debtor] and [Assignor]. [Assignor's assignment contract is between [Assignor] and [Assignee]. The two contracts are completely separate from one another. As a result of the assignment of the contract, [Debtor's] rights and duties under the [underlying] contract remain the same: The only change is to *whom* those duties are owed....[Debtor] was not a party to [the assignment], nor has a cognizable interest in it. Therefore, [Debtor] has no right to step into [Assignor's] shoes to raise [its] contract rights against [Assignee]. [Debtor] has no more right than a complete stranger to raise [Assignor's] rights under the assignment contract.

*Id.* at 166 n. 13.

The Sixth Circuit reached a similar conclusion in *Rogan v. Bank One*, 457 F.3d 561 (6th Cir. 2006), where the plaintiff, acting as trustee for a bankruptcy estate, challenged the assignment of the original creditor's interest in the mortgage to another bank. The Sixth Circuit agreed with the bankruptcy court that found the assignment to be immaterial "because neither the debtors nor the Trustee [were] parties to the [assignment]....They lack standing to enforce it; they cannot claim to have relied on it." *Id.* at 567; *See also*; *Liu v. T & H Mack, Inc.* 191 F.3d 790, 797 (7th Cir. 1999) (party to underlying contract lacks standing to "attack any problems with the reassignment" of that

contract); *Blackford v. Westchester Fire Ins. Co.*, 101 F. 90, 91 (8th Cir. 1900) ("As long as no creditor of the assignor questions the validity of the assignment, a debtor of the assignor cannot do so."); Richard A. Lord, 29 Williston on Contracts § 74:50 (4th Ed.) ("[T]he debtor has no legal defense [based on invalidity of the assignment]...for it cannot be assumed that the assignee is desirous of avoiding the assignment.").

In the instant case, there is no dispute between Deutsche Bank and Aames as to whether the Mortgage was properly assigned. Ms. Bridge is the only party challenging the validity of the assignment. Deutsche Bank argues that Ms. Bridge, who is seeking to challenge the transfer of the Mortgage from Aames to Deutsche Bank, and ultimately to have the assignment set aside, lacks standing because she was not a party to this transfer nor were her contractual obligations under the Mortgage affected in any way. (Def.'s Mot. to Dismiss, at p. 5.) Plaintiff, however, attempts to frame the issue(s) before the court differently than Defendant, alleging that Plaintiff is "not challenging the so-called 'transfer' between Aames and Deutsche Bank of the financial instruments..." but rather is challenging the "various transactions engaged in by Aames and Deutsche Bank." (Pl.'s Renewed and Restated Opp. to Def.'s Mot. to Dismiss and Supp. Brief, ECF No. 18, at p. 2.) This court finds that Plaintiff's allegation presents a distinction without a difference. Whether Plaintiff is challenging the "transfer" of the Mortgage or challenging "various transactions engaged in" related to the Mortgage, her role in the exchange between Aames and Deutsche Bank and how it affects her contractual obligations remains the same - uninvolved and unaffected. *See Kapila v. Atlantic Mortgage & Investment Corp.*, 184 F.3d 1335, 1338 (11th Cir. 1999) (holding that "a subsequent assignment of the mortgagee's interest...does not change the nature of the interest of the mortgagor or someone claiming under him.").

7

Deutsche Bank states that there is no dispute that Plaintiff stopped making payments on the loan in 2007. (Def.'s Mot to Dismiss, at p. 4). Nowhere in Plaintiff's subsequent pleadings is this factual assertion denied. (Pl.'s Opp. to Def.'s Mot to Dismiss; Pl.'s Renewed and Restated Opp. to Def.'s Mot. to Dismiss and Supp. Brief, ECF No. 18.) As a result, Plaintiff is in default on her loan and subject to foreclosure proceedings by the holder of the mortgage note. (Def.'s Mot. to Dismiss, at p. 5.) Whether that holder is Aames or Deutsche Bank makes no difference with respect to the obligations owed by Plaintiff under the mortgage contract. It is true, as Defendant points out and is perhaps the motivation behind Plaintiff's claim, that foreclosure proceedings may be forestalled if this court finds Aames to be in possession of the note as Aames is currently undergoing bankruptcy proceedings. (Def.'s Reply is Support of Mot. to Dismiss, ECF No. 12, at p. 2.) However, the mere fact that Deutsche Bank would proceed with foreclosure while Aames would not, is legally immaterial to Plaintiff's contractual obligations. *See Livonia Property Holdings*, No. 10-1159, sl. op. at 8 (holding that "borrower certainly has an interest in avoiding foreclosure. But the validity of the assignments does not affect whether Borrower owes its obligations, but only to whom Borrower is obligated."); *See also* 6A C.J.S. Assignments § 132 ("[T]he only interest or right which an obligor of a claim has in the instrument of assignment is to insure him or herself that he or she will not have to pay the same claim twice.")

As Defendant asserts, regardless of the outcome of this litigation, Plaintiff is still in default on her mortgage and subject to foreclosure. As a consequence, Plaintiff has not suffered any injury as a result of the assignment between Aames and Deutsche Bank nor is there any likelihood that Plaintiff's requested relief will prevent her alleged injury. *See Aarti Hospitality, LLC v. City of Grove City, Ohio*, 486 F. Supp. 2d 696, 699 (S.D. Ohio 2007) (noting that Ohio's standing

8

requirement mandates "'distinct and palpable injury that is likely to be redressed if the requested relief is granted'") (quoting *Valley Forge*, 454 U.S. at 475).

Plaintiff's contention that Ohio Revised Code § 2721.03 confers jurisdiction upon this court is similarly unavailing. Section 2721.03 provides:

> [A]ny person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a...contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

Ohio Rev. Code § 2721.03 (1999). Plaintiff, however, is not attempting to have this court determine any question of construction or validity under the Mortgage contract. Nowhere in Plaintiff's Complaint or subsequent pleadings does she dispute the contents of the Mortgage contract. (Compl.; Pl.'s Opp. to Def.'s Mot to Dismiss; Pl.'s Renewed and Restated Opp. to Def.'s Mot. to Dismiss and Supp. Brief.) In fact, it is undisputed that the terms of the promissory note and Mortgage, now in the possession of Deutsche Bank, remain exactly the same as when it originated under the control of Aames. (Compl.; Def.'s Mot to. Dismiss.) As previously established, Plaintiff's status and obligations under the contract are unaffected by the assignment, and thus, there is no aspect of the contract that needs determination pursuant to Section 2721.03's grant of jurisdiction.

In addition, Ohio Rev. Code § 2721.03 does not by itself provide a plaintiff with the standing to sue, but rather serves as the legal basis for obtaining declaratory judgment by a plaintiff who already has standing. *See Aarti*, 486 U.S. at 700 (The statute itself is simply a mechanism through which an appropriate plaintiff may proceed, but the statute does not create the appropriate plaintiff.); *see also Walgash v. Bd. of Trs. of Monclova Twp. Lucas County*, No. L-80-105, 1981 WL 5518, at

9

*4 (Ohio App. 6th Dist. Mar. 20, 1981) ("While R.C. 2721.03 creates the right to bring a declaratory judgment action to determine the validity of an ordinance, the requirements of justiciability, including standing and ripeness, must still be met before a court can entertain the action.")

Given that Plaintiff was not a party to the assignment of the Mortgage between Aames and Deutsche Bank, neither of which dispute the validity of the assignment, and has not and will not suffer any new injury nor face any obligation different from what was owed when Aames held the note, Plaintiff does not have standing to assert her claim. The court finds that Plaintiff's claims should be dismissed for failure to state a claim, but not for lack of subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 5) is granted.

IT IS SO ORDERED.

> /s/*SOLOMON OLIVER, JR.*
> CHIEF JUDGE
> UNITED STATES DISTRICT COURT

September 28, 2010